UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAY 1 3 2009

RECEIVED

**ORAL ARGUMENT NOT YET SCHEDULED**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NO. 08 **-3113**

UNITED STATES OF AMERICA,                    Plaintiff-Appellee

v.

JUAN JOSE SEGOVIA,                    Defendant-Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIEF FOR APPELLANT

H. HEATHER SHANER, ESQ.
**Appointed** by the Court
1702 S Street Northwest
Washington, D.C. 20009
Tel. (202) 265 8210

District Court
Cr. No. 08-18 (CKK)

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

**A.    Parties and Amici:**    The parties below and in this court are the defendant-appellant, Juan Jose Segovia, and **the** plaintiff-appellee, the United States of America.  There are no intervenors nor amici, either in the district court or this court.

**B.    Rulings under Review:** In this **appeal,** appellant seeks review **of** the district court's (the Honorable Colleen Kollar-Kotelly) ruling of  November 25, 2008, denying his motion for a Minor Role Reduction  (Tr. 11/25/08 at 4-17)(App. D ).

**C.    Related Cases:**    There are no related cases.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES . . . . . . . . . . **ii**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUE PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATUTES AND RULES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **A.**    Nature **of** the Case, Course **of** Proceedings, and
             Disposition in the Court Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Statement **of** Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..3

SUMMARY OF ARGU M E N T . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

THE DISTRICT COURT MISSAPPLIED U.S.S.G. §3B1.2 BY DENYING MR. SEGOVIA A MINOR PARTICPANT DOWNWARD ADJUSTMENT BASED AND THE FINDINGS OF FACT WERE NOT BASED ON THE RECORD . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF LENGTH. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**CASES**                                                                **Pg.**

\* United States v. Cabaiiero,  936 F.2d 1292 (D.C. Cir. 1991)   7,8,10-12

\*  United States v. Edwards,  98 F.3d 1364 (D.C. Cir. 1996)    6, 7, 10,12

   United States v. Gaviria,  116 F.3d  1498  (D.C. Cir. 1997)   7

   United States v. Williams,, 891 F.2d 921 (D.C. Cir. 1989)    11

   \* Denotes cases chiefly relied upon by appellant.

## STATUTES

18 U.S.C. §2                                            2

**18** U.S.C. §3231                                       1

**18** U.S.C. §3742(a)                                    1

21 U.S.C. §841 (a)(1)                                  2

21 U.S.C. §841 (b)(1)(B)(ii)                           2

28 U.S.C. § 1291                                        1

## SENTENCING GUIDELINES

**U.S.S.G.**1B1.3(a)(1)                                  **8**

U.S.S.G.  3B**1.2**                                      5-7, 12

## RULES

Fed. R. App. P.4(b)                                    1

## ISSUES PRESENTED FOR REVIEW

1.      Whether the district court applied the wrong legal standard in denying Mr. Segovia a downward offense level adjustment pursuant to U.S.S.G. §3B1.2 by grounding the denial on a comparison with only the parties present at the delivery without comparing his culpability to the supplier of the cocaine and the negotiator of **the** sale.

2.      Whether the findings of facts were incorrect and not based on the record.

**v**

# STATUTES AND RULES

Relevant statutes and rules are contained in the addendum to this brief.

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## NO. 08-3113

---

**UNITED STATES OF AMERICA,**                    **Plaintiff-Appellee**

v.

**JUAN JOSE SEGOVIA**                    **Defendant-Appellant**

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

### BRIEF FOR APPELLANT

---

### JURISDICTION

The district court **had** jurisdiction pursuant to 18 U.S.C. § 3231. The notice of **appeal having been filed** w i t h **the** ten day period of **Fed.** R. **App.** P.4(b), this Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

### A.    Nature of the Case, Course of Proceedings and Disposition of the Court Below

On January 15, 2008 Metropolitan Police officers arrested appellant and his two brothers in a sting operation arising out of an investigation begun December 10th, 2007 by the Narcotics Special Investigation Division.    On February 1, 2008 the defendant Juan Jose Segovia was indicted along with his brothers Nelson Ramirez and Guillermo Segovia and charged with unlawful possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(ii); and unlawful distribution of 500 grams of more of cocaine in violation of 21 U.S.C.§ §841(a)(1) and 841(b)(1)(B)(ii) and Aiding and Abetting in violation of 18 U.S.C. § 2.  (2/01/08)(App. A).

On April 14, 2008 he entered a plea to Count One of the Indictment pursuant to a plea agreement. (Tr. 4/14/08)(App. B)  Sentencing hearings were held on October 16, 2008 and November 25, 2008. (Tr. 10/16/08 (App. C) On November 25, 2008 the district court sentenced him to twenty-four months imprisonment. (Tr. 11/25/08 at 31.)(App D)  see also Judgment. (App. E)

The defendant requested a downward role adjustment for minor role. The district court denied this request. (Transcript 11/25/08pp.4-10) (App.D) (Sent. Memorandum App. K) The defendant filed a timely notice of appeal.  (12/05/08) (App. F)

-2-

## B.    Statement of Facts

Approximately December 10th, 2007 a confidential source **working** with the Metropolitan Police Narcotics Special Investigation Division indicated it had met a Hispanic male named Moyo, at Chaparral Restaurant, in Lanham, Maryland.  Moyo indicated he was involved in the sale of **large** quantities of powder cocaine.  From December 10th 2007 through January 14th 2008, Moyo stayed in contact with the source by phone.  Several conversations were recorded.  On January 12th 2008 Moyo told the source cocaine would be arriving soon.  On January 14th 2008 the source had a conversation with Moyo and negotiated the terms of the cocaine purchase.

On January 15th 2008 an unknown person claiming to be Moyo's brother notified the informant that Moyo was not available and that he [Moyo's brother] would complete the delivery.  The location and price were verified during that call.

The defendant and his brothers drove to a parking lot at 6500 Piney Branch Road N.W. in a jeep borrowed from Juan and Guillermo Segovia's employer.  Guillermo Segovia drove the jeep.  Nelson Ramirez was in the passenger seat.  The defendant was in the rear **of** the jeep.

**At** the parking lot, Ramirez and Guillermo Segovia exited the jeep **and** walked to the informant's vehicle.  Juan Segovia remained in the jeep.  Ramirez entered the police vehicle.   Guillermo carried a plastic bag containing cocaine to the vehicle.  Juan Segovia was told to enter the informant's car by his brothers.  The informant asked if the cocaine was good.  The defendants affirmed.   The informant handed Ramirez $6000.00.  At that point all three brothers were arrested. (Tr.  1/30/08 pp. 7-12)(App. G). (Findings **of** Facts in Support of Detention Order pp.3-5)(App. L)

-3-

The informant indicated that none of the three men who were on the scene that night was Moyo, whom he had met on December 10th 2007. (Tr. 1/30/08 p. 14)(App. G) (Finding of Facts in Support **of** Detention Order p.4)(App L)

The following additional facts were in the <u>Statement of Facts in Support **of** the Guilty Plea</u>. (App. H)

1. Nelson Ramirez telephoned his brothers Guillermo **and** Juan Segovia early on January 15th 2008 and indicated he had a large quantity of cocaine.

2. Guillermo Segovia made phone calls to locate a buyer **for** the cocaine.

3. Nelson Ramirez phoned his brothers in the afternoon of January 15th 2008 and said he needed a ride to sell the cocaine.

4. **At** 6:40 P.M. the three brothers drove from Silver **Spring,** Maryland to Washington, D.C. to meet the informant.

5. At the rendezvous, Nelson exited the Jeep and entered the front seat of the undercover police van.

6. Guillermo next exited the Jeep and entered the police van. Guillermo carried a black plastic bag containing cocaine.

7. Juan **Segovia** remained in the Jeep until instructed **by** the **others** to enter the undercover police van.

**8.** Guillermo handed the bag of cocaine to Ramirez, who gave it to the informant.

9. In response to a question by the informant as to whether the cocaine was of high quality, the defendants agreed it was.

**10. The informant handed $6000.00** to **Nelson** Ramirez

The Government admitted these additional facts. *Nelson Ramirez called his brothers to help him locate a buyer and asked them to give him a*

-4-

*ride during the transaction. It is unlikely he was going to pay them for assisting him. From all of the evidence, the brothers' involvement appeared to be a one-time deal.* **(Govt.** Memorandum in Aid of Sentencing Nelson Ramirez p. 4) **(App.** I)

At the plea on April 14th, 2008 the district court clarified  Juan **Segovia's** limited knowledge about the contents of two bags that Ramirez **had placed in** the Jeep. The **evening** of January 15th, 2008 in Silver **Spring,** Maryland, Ramirez placed two packages in the vehicle.  One bag contained **money.** Ramirez said there was **money** inside the bag, but the defendant did not know the amount. The appellant did not know the contents of the second bag. . (Tr. 4/14/08 pp. 27-29)(App. B)

At Sentencing the **only unresolved** matter **was** the defendant's request for a downward adjustment pursuant to U.S.S.G. § 3B1.2.   The court opined that it was "somewhat of a close call" but declined to find he was eligible. (Tr. 11/25/08 p. 10) (App. D)

-5-

## SUMMARY OF ARGUMENT

The district court committed error at sentencing, which requires this Court to vacate Mi. Segovia's sentence and to remand for re-sentencing. By denying Mi. Segovia's request **for** a downward offense level adjustment pursuant to U.S.S.G. § **3B1.2 as** a minor or minimal participant, the district court applied **an** incorrect legal standard. The district court denied the adjustment on the basis of Mr. Segovia's knowing presence at the single indicted transaction, and failed to compare his relative culpability to the culpability **of** all participants. Further, by making incorrect factual findings, the district court made an incorrect comparison of the culpability of the defendant vis-a-vis the relative culpability of the other participants. The sentence must be vacated **and** this Court must remand for re-sentencing.

## ARGUMENT

### The District Court Misapplied U.S.S.G. Section 3B1.2
### And The Factual Findings were not Based on the Record

Mr. Segovia sought and was denied **a** "mitigating role" downward departure pursuant to §3B1.2, (Defendant's Memorandum in Aid of Sentencing (pp.4-5 **App.** J)(Supplemental Memorandum in Aid of Sentencing App. K) This Court reviews his claim that the district court applied the incorrect **legal** standard de novo. United States **v.** Edwards, **98** F.3d 1364, 1370 (D.C. Cir. **1996).** It reviews the district court's factual fmdings for clear error. Id. at 1371.

Section **3B**1.2(b) **of the** Sentencing **Guidelines** requires **the** sentencing court to deduct four levels from **a** defendant's adjusted offense level if the

**-6-**

defendant was a minimal participant in any criminal activity, to deduct two points if the defendant was a minor participant in any criminal activity, and in cases falling between to decrease by three levels. U.S.S.G.§3B1.2(b)(Addendum)

Whether a defendant is eligible for the reduction depends not on the nature of the defendant's conduct in the abstract, but on the defendant's conduct relative to that of the other participants in the offense. "The Guidelines . . . direct the sentencing judge to consider a defendant's culpability relative to that **of** his comrades, not to that **of** a hypothetical. . . criminal" United States v. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991). The district court erred by incorrectly weighing Mr. Segovia's culpability against the culpability **of** the other participants **and** thereafter by denying his request for a downward adjustment.

Mr. Segovia concedes that **"A** court may find that none of the co-conspirators qualify as 'minor' participants because even the 'least culpable' participants in a conspiracy . . . nevertheless were active participants and were equally culpable vis-a-vis each other" U.S. v. Gaviria, 116 F.3d **1498,** 1520. Under the facts **of** this case, the record supports a finding that Juan Segovia was not equally culpable with the other participants and therefore the district court erred by denying the adjustment.

This Court spoke on the legal standard for a reduction in U.S. v. Edwards, 98 F.3d 1364 (D.C. Cir. 1996). "Before it may find that a defendant was a minor participant in the offense . . . the evidence available to the court at sentencing, must, at a minimum, show (i) that **the** "relevant conduct" for which the defendant would, within the meaning **of** section

-7-

1B1.3(a)(1) be otherwise accountable involved more than one participant .
..and (ii) that the defendant's culpability for such conduct was relatively
minor compared to that of the other participant(s)". citing U.S. v. Caballero,
*936* F.2d 1292, 1299(D.C. Cir. 1991).

It is not disputed there was more than one participant.    It is the court's
ruling as to the second prong that is clearly incorrect.   The district court
misapplied the Guidelines and based its analysis on an incorrect reading of
the facts.    To properly evaluate the eligibility of Mr. Segovia for a
downward adjustment, the court should have compared his role to that of all
participants. The court failed to consider the major role of the individual the
informant knew as Moyo—the person with whom the informant had worked
since December 10th, 2007. The court then found Segovia equally culpable
as his brothers. (Tr. **11/25/08** pp. 7-9)(App. D) The finding is not supported
by the facts.

While it is true Moyo was not present at the actual transaction, he was
the person who had initiated the transaction with the informant in December
2007 and was the person who apparently directed the cocaine to Nelson
Ramirez in January 2008. The role of Nelson was far greater than the roie of
either Segovia brother. The role of Guillermo was less than that of Nelson
Ramirez, but greater than the role of Juan Segovia. The role of Juan Segovia
was the least culpable of the four participants. He did not take an active role
in moving the sale forward.

The facts upon which the district court should have based her findings
of relative culpability were presented to the district court in the statement of
facts in support of the guilty plea, at the plea hearing, at the sentencing
hearings, in sentencing memorandum and in the transcript of the testimony

of MPD Officer Smith at the Preliminary Hearing. The proponent of the downward adjustment bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. Juan Segovia provided this evidence to the district court and satisfied the burden of proof

The defendant provided the transcript of the Preliminary Hearing to the district court. (App. G) The Magistrate **Judge made Findings** of Fact in Support of a Detention Order based on this sworn testimony. (**App.** L)

On January 30, 2008, Officer Smith testified to the following facts:

1.    Approximately December 10, 2007, Moyo spoke with the confidential informant and indicated he was involved in the sale of powder cocaine in large quantities;

2.    From **December** 10, 2007 **through** January 14, 2008, **Moyo kept in** contact with the source by phone and they had several conversations, some of which were recorded by the source, talking about when the cocaine would be delivered,

3.    On January 12, 2008 Moyo indicated the cocaine would be arriving in a few days;

4.    On January 14, 2008 the **source** had a conversation **with** Mop, indicating he wanted to purchase two kilograms of cocaine;

5.    On January 15, 2008 at around 3:00 AM  Moyo left several messages on the informant's **phone;**

6.    At 8:00 AM on January 15, 2008 the source spoke to Moyo and set the deal for 6:00 PM;

7.    At 4:00 **PM** the source **received a** phone call from a person who claimed **to** be Moyo's brother.  He stated Moyo would not be there but he would complete the deal.  (Tr. 1/30/08 pp.7-10)(App. G)

The district court discounted these facts in its comparison of the culpability of the defendant vis-a-vis the culpability of all the participants, because Moyo was not present on January 15,2008. (Tr. 11/25/08 at 9)(App. D) By failing to consider the culpability of the person who had negotiated with the informant for more than a month to set up the cocaine distribution on January 15th, **2008,** the district court violated the legal standard established by this Court in Edwards and Caballero. supra.

**The** district court's ultimate determination of the defendant's role in the offense should have been based on two principles: first, the defendant's role in the relevant conduct for which he was held accountable at sentencing, and, second, his role as compared to that of other participants in his relevant conduct. **As to the second prong,** the **district** court failed **to compare** Juan Segovia's role to that of all other participants.

Juan Segovia, though present at the scene, clearly had a minimal and limited role. He was in the Jeep and accompanied Nelson Ramirez from Silver Spring, Maryland to the rendevous in Washington, D.C.. He knew the purpose of the ride. While Moyo was not present at the actual transaction, his role in the offense was factually greater than the defendant's. Juan Segovia's involvement began on the evening of January 15, 2008. He did not make any phone calls. He did not look for buyers. Guillermo did. He did not mange the transaction. Nelson and Moyo did. He did not negotiate the price. Nelson and Moyo did. He did not touch the cocaine. Nelson and Guillermo and presumptively Moyo did. He did not touch the money. Nelson did. He was to receive no profits from the sale. His role in the offense was peripheral. Had he stayed at home, the deal would have been consummated without him.

-10-

In his sentencing memoranda Juan Segovia laid out for the court the record facts upon which the district court should have based its findings. The court turned a blind eye **to** the information about Moyo and incorrectly analyzed the facts vis-a-vis the relative culpability of Juan Segovia in comparison to his brothers. The district court's findings were not supported by the record.

The court noted it was a "close call" but found the defendant was "not entitled to a role adjustment downward." (Tr. 11/25/08 p. 10)(App. D). The court found that Nelson was the individual who had arranged the sale. Nelson was the individual who possessed the cocaine. Nelson was the individual who telephoned his younger brother and asked him to provide transportation. The court found that Juan Segovia provided the vehicle. The **court** found that Guillermo Segovia made telephone calls to find a buyer **and** to the informant. (Tr. 11/25/08 p. 8-9)(App.D).

This Court has stated, "the district court is in the best position to assess the defendant's relative culpability vis-a-vis other participants in the offense." United States v. Williams, 891 F.2d 921, 926 (D.C.Cir.1989); see also United States v. Caballero, 936 F.2d 1292, 1299 (D.C.Cir.1991). The district court did not apply the correct legal standard. The district court did not correctly assess the relative culpability of the participants in the offense. The record facts **of** the instant case do not support the district court's assessment of role in the offense.

## CONCLUSION

Under the legal standard announced in <u>Caballero</u> and <u>Edwards, supra,</u> Juan Segovia is eligible for a reduction pursuant to section 3B1.2 of the U.S. Sentencing Guidelines. The district court did not, as this Court's precedents require, weigh Mr. Segovia's culpability against that of all the other participants in the offense conduct. It did not properly compare the nature and extent of his conduct to the nature and extent of the conduct of the other participants. It did not identify any participant less culpable than he was. It failed to consider the role of Moyo. While the district court acknowledged that Nelson Ramirez was more culpable and had alone brought the drugs— the court still found that since Juan Segovia was present at the transaction with his brothers he was equally culpable and ineligible for the reduction. (Tr.11/25/08 p.10)(App.D)

For the foregoing reasons, this Court should vacate the sentence of the district court and remand for re-sentencing.

Respectfully Submitted,

H. Heather Shaner # 273 276
**Appointed** by the Court **for**
Juan Jose Segovia
1702 S Street Northwest
Washington, D.C. 20009

-12-

## CERTIFICATE OF LENGTH

I HEREBY CERTIFY that the foregoing brief for appellant Juan **Jose** Segovia complies with the limitations set forth in Fed. R. App. P. 32(a)(5)(A) and Circuit Rule **32** (a)(2).   This brief contains **3,811 words.**

H. Heather Shaner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that two copies of the foregoing brief for appellant and one copy each **of** the accompanying appendices were on this _____ /3_____ day of May served by hand delivery upon Ron McCleese, Chief, Appellate Division, United States Attorney's Office, 555 Fourth **Street,** N.W. Washington, D.C. 20001.


_____
H. HEATHER SHANER

**14**

# ADDENDUM

# CONTENTS OF ADDENDUM

**Sentencing        eli**

U.S.S.G. § **3B1.2**

SCALE §3B1.38 [283] Similarly, separate increases for abuse of trust and 8/13/2009   Page 23 of 23

the adjustment in §3B1.3.[283] Similarly, separate increases for abuse of trust and leadership have been held not to "overcount" defendant's conduct.[284] It is not improper double counting to increase the defendant's role in money laundering, even if he also receives a role increase in the related fraud.[285] However, the Eighth Circuit held that money laundering and fraud counts must be grouped together when the court relies solely on fraud conduct to adjust the money laundering guidelines.[286]

This section has survived a constitutional challenge based on vagueness.[287]

## §3B1.2.   **Mitigating Role**

Based on the defendant's role in the offense, decrease the offense level as follows:

(a)   If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.

(b)   If the defendant was a minor participant in any criminal activity, decrease by **2** levels.

In cases falling between (a) and (b), decrease by **3** levels.

*Commentary*

*Application Notes:*

1.   *Definition.—For purposes of this guideline, "participant" has the meaning given that term in Application Note 1 of §3B1.1 (Aggravating Role).*

2.   *Requirement of Multiple Participants.—This guideline is not applicable unless more than one participant was involved in the offense. See the Introductory Commentary to this Part (Role in the Offense). Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition*

---

[283] U.S. v. Talladino, 38 F.3d 1255 (1st Cir. 1994).

[284] U.S. v. Kuhn, 345 F.3d 431 (6th Cir. 2003) (noting that the adjustments for abuse of trust and leadership each had elements that were not necessary for the determination of the other).

[285] U.S. v. Martin, 278 F.3d 988 (9th Cir. 2002) (finding no double counting in role increase for ungrouped money laundering and fraud offenses); U.S. v. Syrax, 235 F.3d 422 (9th Cir. 2000) (upholding separate role increases for both fraud and money laundering).

[286] U.S. v. Ross, 279 F.3d 600 (8th Cir. 2002) (relying on § 3D1.2(c)).

[287] U.S. v. Mays, 902 F.2d 1501 (10th Cir. 1990); U.S. v. Backas, 901 F.2d 1528 (10th Cir. 1990).